**SO ORDERED.**

**SIGNED this 4 day of August, 2016.**

_____
**David M. Warren**
**United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NORTH CAROLINA
# RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 16-01550-5-DMW |
| MICHELE R. SPARROW | CHAPTER 11 |
| Debtor | |
| | |
| MICHELE RENEE SPARROW | |
| Plaintiff | ADVERSARY PROCEEDING |
| vs. | NO. 16-00037-5-DMW |
| ROBERT SULLINS DREW | |
| Defendant | |

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION FOR VOLUNTARY ABSTENTION AND REMAND

This matter comes on to be heard upon the Motion for Voluntary Abstention and Remand of Civil Action to District Court Division of Granville County, North Carolina ("Motion") filed by Robert Sullins Drew ("Drew") on June 1, 2016 and the Response in Opposition ("Response")

filed by Michele R. Sparrow ("Debtor") on June 27, 2016. The court conducted a hearing ("Hearing") in Raleigh, North Carolina on July 6, 2016. Travis Sasser, Esq., appeared on behalf of Drew, and Vicki L. Parrott, Esq., appeared on behalf of the Debtor. Based upon the evidence presented and the arguments of counsel, the court makes the following findings of fact and conclusions of law:

## JURISDICTION

1. This matter is a core proceeding pursuant to 28 U.S.C. § 157, and the court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157, and 1334. *Best Receptions Systems, Inc. v. Rickles Electronics & Satellites (In re Best Receptions Systems, Inc.)*, 220 B.R. 932, 941 (Bankr. E.D. Tenn. 1998) (finding that the determination of whether to abstain is a core proceeding, pursuant to 28 U.S.C. § 157(b)(2)(A), in which the bankruptcy court may enter a final order).

2. The court has the authority to hear this matter pursuant to the General Order of Reference entered August 3, 1984 by the United States District Court for the Eastern District of North Carolina.

## BACKGROUND

3. The Debtor and Drew were married on September 23, 1994 in Granville County, North Carolina and separated in July, 2009. On October 22, 2014, the Debtor filed a civil action ("Civil Action") for divorce and equitable distribution of property in the Granville County District Court, File Number 14 CVD 907. Drew asserted counterclaims in the Civil Action for post-separation support, alimony, and attorney's fees. The parties received their divorce decree on March 3, 2015.

4. The Debtor filed a petition for relief under Chapter 11 of the United States Bankruptcy Code ("Code") on March 24, 2016 ("Petition Date") while the Civil Action was pending. The property of the estate includes the following:

      a.    A fee simple interest in a house and lot located at 3506 Ridge Road, Durham, North Carolina ("Durham Property"); and

      b.    A one-half undivided tenant-in-common interest in five tracts of real property located in Granville County, North Carolina ("Granville Property").

5.    Drew owns the other one-half undivided interest in the Granville Property. The former marital home, occupied by Drew, is a portion of the Granville Property.

6.    The Durham Property and the Granville Property (collectively "Property") are the most significant non-exempt assets in the Debtor's bankruptcy estate. While a plan of reorganization is not yet due, the Debtor indicates that she needs to liquidate the Property in order to repay her creditors, possibly in full.

7.    On April 7, 2016, the Debtor instituted an adversary proceeding ("Sale AP"), Case Number 16-00027-5-DMW, against Drew, pursuant to 11 U.S.C. § 363(h), requesting that the court authorize the sale of all of the Granville Property. Drew opposes the relief requested in the Sale AP.

8.    On May 2, 2016, the Debtor instituted this adversary proceeding by filing a Notice of Removal ("Removal") of the Civil Action pursuant to 28 U.S.C. §§157, 1334, and 1452. In the Motion, Drew requests this court to abstain from hearing the Civil Action and remand the Civil Action to the Granville County District Court pursuant to 28 U.S.C. § 1334(c).

## DISCUSSION

9.    There are two types of abstention under 28 U.S.C. § 1334(c): mandatory abstention under 28 U.S.C. § 1334(c)(2) and voluntary abstention under 28 U.S.C. § 1334(c)(1). Drew concedes that the removed Civil Action involves a core matter, and mandatory abstention under § 1334(c)(2) is not applicable.

10. In order for the court to determine whether voluntary abstention is appropriate, the court must consider twelve factors:

> "(1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable law, (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than the form of the an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of the bankruptcy court's docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of non-debtor parties."

*Mitchell v. Keess*ee (*In re Mitchell*), No. 11-08880-8-ATS, 2013 Bankr. LEXIS 4479 (Bankr. E.D.N.C. Oct. 25, 2013) (quoting *Gen. Wood Preserving Co. v. Wind Gap Farms* (*In re Gen. Wood Preserving Co.*), L-02-00146-8-AP, 2002 Bankr. LEXIS 2131 (Bankr. E.D.N.C. Dec. 17, 2002)). This court in *Mitchell* noted that "[c]ourts should apply these factors flexibly, for their relevance and importance will vary with the particular circumstances of each case, and no one factor is necessarily determinative." Id. at *2 (quoting *Matter of Chicago, Milwaukee, St. Paul & Pac. R. Co.*, 6 F.3d 1184, 1189 (7th Cir. 1993)).

11. This adversary proceeding concerns the ultimate disposition of the Granville Property and the pending alimony and support claims. The Debtor cannot propose a confirmable plan of reorganization until the ownership interests in the Granville Property are finally determined and allocated. Drew's pending alimony and support claims also need to be addressed either contemporaneously or subsequently.

*Mitchell* Factors for Permissive Abstention

12. To determine whether abstention is appropriate in this case, the court must turn to an analysis of the *Mitchell* factors for permissive abstention.

    a. Efficient Administration of the Estate. Voluntary abstention would prevent the efficient administration of the estate. Only this court has jurisdiction to order the sale or transfer of the Debtor's interest in the Granville Property, unless control is relinquished to the state court. The Granville Property comprises approximately ninety percent of the bankruptcy estate's assets and forfeiting control over this asset will paralyze the Debtor's ability to reorganize and repay her creditors. This court is not confident that the state court can timely adjudicate the Civil Action. Drew argues that the Civil Action concerns a very complex division of assets that "has perplexed and burdened the Granville County District Court for years" and that the bankruptcy court should not welcome this "archipelago of state domestic claims and counterclaims" into its courtroom. Mot. ¶10. Counsel for the Debtor stated that this matter has been ongoing for years with no resolution or trial date in sight. If this matter were remanded to state court, proceedings in the Debtor's bankruptcy case would be delayed until the state court could adjudicate the Civil Action. This court has the resources to hear the Civil Action promptly, allowing for an efficient administration of the estate.

    b. State Law Issues Compared to Bankruptcy Law Issues. While equitable distribution and support actions are generally matters of state law and can present complex issues, this court is qualified and not prohibited from handling these matters. The United States District Court for the Eastern District of North Carolina affirmed the court's reasoning in a similar case, stating that, "the bankruptcy court was correct, however, in

5

holding that a claim for equitable distribution is a claim against property of the estate and therefore within the jurisdiction of the bankruptcy court." *Perlow v. Perlow*, 128 B.R. 412, 416 (E.D.N.C. 1991) (citing 28 U.S.C. § 1334(d); 28 U.S.C. § 157(a)). Bankruptcy judges determine claims against property of the estate and regularly adjudicate complex financial and valuation issues.

      c.      <u>Difficulty or Unsettled Nature of the Law</u>. The applicable areas of domestic law, while challenging, do not present any novel, complex, or unsettled areas of law that fall outside the abilities of a bankruptcy court. The issues in the removed Civil Action involve the type of valuation and claim determination this court handles almost every day.

      d.      <u>Presence of a Related Proceeding Outside the Bankruptcy Court and Jurisdictional Basis</u>. Pursuant to the Removal under 28 U.S.C. §§157, 1334, and 1452, the Civil Action is wholly under the jurisdiction of this court and is no longer a related proceeding commenced or pending in the state court. The only other action, the Sale AP, is before this court as well.

      e.      <u>Relatedness or Remoteness to the Underlying Bankruptcy Case and Substance of the Core Proceeding</u>. The Civil Action involves core matters that substantively control the Debtor's bankruptcy proceeding. The magnitude of the Granville Property's effect on the Debtor's estate demonstrates the degree of relatedness of the Civil Action to the main bankruptcy case. The disposition of the Granville Property will be decisive in the repayment of the creditors. Additionally, whether Drew will have a valid domestic support obligation claim against the estate will also control the Debtor's ability to repay creditors. In order to determine whether Drew will have a claim against the estate, the alimony and support elements of the Civil Action must be finally determined. The

claims and counterclaims in the Civil Action are intertwined with the issues affecting the bankruptcy estate and should not be considered independently.

      f.      <u>Feasibility of Severing State Law Claims</u>.  The state law claim of equitable distribution cannot be feasibly severed from the core bankruptcy matters.  The Granville Property comprises the majority of the estate's assets, and releasing control over those assets to the state court would be imprudent.  Further, severing Drew's state law counterclaims from the core bankruptcy matters, while permissible, would not be judicially economical, especially after the court and the parties had immersed themselves into the litigation.  As stated by the Debtor's counsel at the Hearing, this court now has more knowledge about the case than any other qualified judge.  Remanding the severed issue of alimony and post-separation support to the state court would further forestall the Debtor's ability to formulate a plan of reorganization because any award to Drew would likely be a significant obligation against the estate.

      g.      <u>Burden on the Bankruptcy Court Docket</u>.  The burden of hearing the Civil Action on this court's docket is slight in comparison to the relative burden on the trial docket of the Granville County District Court.  Debtor's counsel argued that state court dockets are currently overburdened, and the current burden on the judicial resources makes scheduling a consecutive multi-day trial extremely difficult, if not impossible, in the near future.  At the Hearing, counsel for both parties agreed that a trial could take between three and five days.  The court was advised that two state court judges have already recused themselves from hearing the Civil Action, further limiting the judicial resources available.  This court is able to schedule promptly a consecutive multi-day trial to adjudicate the issues that comprise the Civil Action.

   h. <u>Likelihood of Forum Shopping</u>.  After testimony by the Debtor at the Hearing, it is unlikely the Debtor is engaged in forum shopping.  The Debtor needed debt relief.  She testified that her job terminated prior to the Petition Date, and that she continued to borrow funds every month to meet her financial obligations.  Many come into this court begrudgingly, and the Debtor does not appear to be an exception.

   i. <u>Right to a Jury Trial</u>.  The parties are not entitled to a jury trial in the Sale AP, and neither party has requested a jury trial in the Civil Action now removed.

   j. <u>The Presence of Non-Debtor Parties</u>.  The only parties to this action are the Debtor and Drew.  Even if the Civil Action were remanded, Drew would be required to come before this court in order to enforce any claim against the Debtor's estate.

13. After an analysis of the factors set forth in *Mitchell*, this court finds that voluntary abstention would be imprudent.

## CONCLUSION

14. The majority of the *Mitchell* factors weigh against permissive abstention and discretionary remand.  Relinquishing control over the main asset of the estate to courts whose resources are limited and whose docket is restrictive would do nothing to further the prompt resolution of the issues in the Civil Action, resulting in an inefficient administration of the bankruptcy estate.  Both parties are in need of prompt adjudication of these issues as their respective financial conditions continue to deteriorate.

15. The bankruptcy court is an appropriate venue for the Civil Action.  This court is competent and capable to hear impartially and to decide fairly the issues in the Civil Action.  Further, the court has already scheduled the trial in this adversary proceeding for October; now therefore,

It is ORDERED, ADJUDGED and DECREED that the Motion be, and hereby is, denied.

END OF DOCUMENT